## Victor Schiffmacher v. Margaret Kircher.

1. QUESTION OF FACT—*Which of Two Parties are Responsible.*—The question as to which of two parties is guilty of negligence is peculiarly within the province of a jury to decide.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1894. Affirmed. Opinion filed December 13, 1894. Rehearing denied June 19, 1895.

JOHN G. MANAHAN, attorney for appellant.

H. C. WARD, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee to recover damages for injuries sustained by her in slipping off the sidewalk at an opening made to haul dirt upon the lots of appellant.

The evidence shows that appellant had bought from the street inspector of the city of Sterling earth which the city had excavated, and was using it to raise the surface of certain of his lots situated in the city. As a means of ingress

and egress panels of the fence were removed on the west side and the north side of the lots. The teams used in the work entered on the west side and passed out on the north side. The city supplied the teams and men to load and unload. On the north side where the fence was removed a section of the sidewalk was also removed. This place was left unguarded while the work progressed for two days. On the night of the second day while passing along the sidewalk and ignorant of its condition at that place, appellee slipped into the opening and sustained injuries for which the jury awarded her $500.

That appellee has a good cause of action against some one is quite clear from the evidence. Appellant sought to shift the responsibility upon the city by showing that the city authorities had the entire matter of hauling and unloading of dirt in control, and on the evening of the accident left the opening in the sidewalk unguarded when they quit work. There was a conflict in the testimony as to whether the section of the sidewalk was removed under the direction of the assistant superintendent of streets or at the instance of appellant. We are not prepared to say that the jury erred in deciding this disputed question of fact. It fell peculiarly within the province of a jury. There was sufficient in the evidence for them to say that the sidewalk was removed at the instance of appellant, and if they chose to disbelieve the contravening testimony upon that point it was their right to do so.

We see no serious error of the court in passing upon questions of evidence or in giving or refusing instructions.

Judgment affirmed.